NOT FOR PUBLICATION
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY WAYNE, | : | |
|     Plaintiff, | : | Civ. No. 08-710 (GEB) |
|     v. | : | **MEMORANDUM OPINION** |
| M. MACGILLIVRAY, | : | |
|     Defendant. | | |

**BROWN, Chief Judge**

    This matter comes before the Court upon the motion to dismiss of Defendant M. MacGillivray ("Defendant" or "MacGillivray"). The Court has reviewed all the parties' submissions and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant's motion.

**BACKGROUND**

    On February 8, 2008 plaintiff Anthony Wayne ("Plaintiff" or "Wayne")[1] filed a document entitled "Libel of Review" with the Court. (Docket Entry No. 1.) The "Libel of Review" will be referred to hereinafter as "the Complaint". That document, while largely incoherent, appears to seek: (i) a declaratory judgment from the Court holding Mr. Wayne to be exempt from taxation by the Internal Revenue Service ("IRS"), and (ii) an order enjoining the IRS from seeking any tax payments from Plaintiff. (*Id.*) Mr. Wayne's "Stipulation of Remedy" states as follows:

---

[1] The Court notes that the caption of Plaintiff's complaint lists him as "Anthony Wayne", but the body of the complaint refers to "Anthony Wayne of the McGugan family". For the sake of clarity, this Court will refer to Plaintiff throughout as Mr. Wayne.

> The recourse sought is immediate exclusive original cognizance of the United States through the district court.  This case is repository for evidence for injunctive relief from any future presentments and theft or kidnap actions from *any* foreign agents or principals. Anthony Wayne's wife Wilda Vanessa may use this case jacket for an evidence repository as well.  Though the theft/kidnap could be justified by notice and sophistry under the color of law of municipal structure, the proceedings have obviously been under the pretended authority of unconscionable contract and the recourse requested is proper.  There is no excuse for the arbitrary and capricious revenue officer/attorney actions - debt action in assumpsit - that have confronted good men and women since the Banker's Holiday.  Roosevelt implemented a 'voluntary compliance' national debt (upon the States by Governor's Convention) but utilized the 1917 *Trading with the Enemy Act* to compel citizens of the United States to comply.  The substitution of *citizen of the United States* for the German nationals on this land was against *Stoehr v. Wallace*, 255 U.S. 239 (1921) where the Court clearly expresses 'The Trading with the Enemy Act, originally and as amended, is strictly a war measure . . .' - directly citing the Constitution Article I, §8, clause 11.  The war on the Great Depression 1) does not count and 2) would only last the duration of the emergency if it did.

(Compl. at 7.)

Defendant moved to dismiss Plaintiff's Complaint on March 19, 2008.  No opposition was filed.

**DISCUSSION**

Defendant submits that the Court should dismiss Plaintiff's Complaint on the grounds that it fails to state a claim and that it is frivolous.  (Def. Br. at 1.)  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley*

*v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought.  *Id*. at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  *Id*. at 1965.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  *Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus*., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

  Defendant submits that Plaintiff's Complaint fails to state a claim because "injunctions against the assessment and collection of taxes are barred by the Anti-Injunction Act and the Declaratory Judgment Act . . . ."  (Def. Br. at 3-4.)  The Court agrees.

  Under the Anti-Injunction Act, courts have, as a general matter, no jurisdiction to enjoin the IRS from assessing and collecting taxes.  26 U.S.C. § 7421(a); *see also United States v. Schiaffino*, No. 07-3329, 2008 U.S. App. LEXIS 8685, at *3 (3d Cir. Apr. 22, 2008) ("The Anti-Injunction Act generally deprives courts of jurisdiction over suits instituted for the purpose of restraining the assessment or collection of any tax.").  "The manifest purpose of § 7421(a) is to

permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Schiaffino*, 2008 U.S. App. LEXIS at *3-4, *citing Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962).  Plaintiff has set forth no discernible argument to suggest that any exception to the Anti-Injunction Act is applicable here.

Moreover, the Declaratory Judgment Act specifically precludes federal courts from issuing declaratory judgments in tax matters "other than actions brought under section 7428 of the Internal Revenue Code of 1986 [26 USCS § 7428] . . . ." 28 U.S.C. § 2201(a).  Section 7428 is inapplicable in the matter at hand.

Finally, the Court notes that Mr. Wayne's Complaint appears to be a near-identical copy of complaint templates made available by tax protestors on websites such as thecourtwatcher.com and goldismoney.info. *See* http://www.thecourtwatcher.com/generic-counterclaim.doc (last viewed May 2, 2008); http://goldismoney.info/forums/attachment.php?attachmentid=30330&d=1183433095 (last viewed May 2, 2008).  Such complaints have routinely been dismissed by courts in other jurisdictions.  *See Monroe v. Schneider*, No. 04-6173, 2004 U.S. Dist. LEXIS 19405, at *2 (D. Ore. Sept. 20, 2004) ("Claims for injunctions against the assessment of taxes are prohibited. Liberally construing the 'Libel of Review,' the court is unable to discern a claim upon which relief may be granted."); *Noah v. Bowman*, No. 04-645, 2004 U.S. Dist. LEXIS 23901, at *3-4 (S.D. Ohio Nov. 8, 2004) (dismissing pro se plaintiff's "Libel of Review" for lack of subject matter jurisdiction, where plaintiff sought to enjoin the IRS from seeking payment of taxes by plaintiff).

The Court is cognizant of the leniency given to pro se litigants.  *Jackson Hewitt, Inc. v. Childress*, No. 06-909, 2008 U.S. Dist. LEXIS 24460, at *12 (D.N.J. March 27, 2008), *citing*

*Haines v. Kerner*, 404 U.S. 519 (1972).  Nevertheless, and even viewing all the allegations in the light most favorable to Mr. Wayne, Plaintiff has failed to state plausible grounds for entitlement to the relief he seeks.[2]

**CONCLUSION**

For the foregoing reasons the Court will grant Defendant's motion to dismiss.  An appropriate form of Order accompanies this Opinion.


Dated: May 5, 2008

                                    s/ Garrett E. Brown, Jr.
                                    GARRETT E. BROWN, JR., U.S.D.J.

---

[2]  Even if Mr. Wayne's Complaint had survived the Rule 12(b)(6) standard, the Court would likely have to dismiss it under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  *See* F.R.C.P. 12(b)(1).